United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIJAH ASGEDOM,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*,<br>Respondents. | Case No. 1:26-cv-04091 (EJD)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 9 |

This matter is before the Court on Petitioner's writ of habeas corpus and Respondents' Motion to Dismiss. *See* Dkt. Nos. 1, 9. For the reasons explained below, the Court GRANTS the Motion to Dismiss and DISMISSES the petition for writ of habeas corpus without prejudice.

## I. BACKGROUND

Records submitted by Respondents indicate that Petitioner entered the United States as a child in 1990, and was granted permanent lawful resident status on October 1, 1991. Dkt. No. 9-1 at 2. Both of Petitioner's parents became naturalized citizens in the early 2000s, and though his father is now deceased, his mother continues to live in the United States. *Id.* at 3.

On September 26, 2025, Petitioner was convicted of violating Cal. Penal Code § 422 and sentenced to two years in state prison. Dkt. No. 9-3 at 3–4. He served approximately one year and five months before being released directly into the custody of U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 ¶ 23. Upon his arrest, he was served with a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1227(a)(2). *See* Dkt. No. 9-2 at 4. Petitioner has remained detained since approximately May 7, 2026. Dkt. No. 9-1 at 2. His next hearing before the Immigration Court is currently scheduled for August 11, 2026. *See* EOIR: Automated Case Information, available at https://acis.eoir.justice.gov/en/caseInformation.

United States District Court
Eastern District of California

Petitioner filed the instant petition for writ of habeas corpus seeking release, or alternatively, a substantive bond hearing. Dkt. No. 1 at 17. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B). Dkt. No. 9 at 2. Petitioner does not challenge the statutory basis of his detention, nor does the petition contain any facts regarding the status of his removal proceedings or likely duration of them. Rather, he argues that his two-month detention has become unconstitutionally prolonged in violation of the Fifth Amendment. *Id.* ¶¶ 46–49.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c), however, numerous district courts have found that unreasonably long detention periods may violate the due process clause. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) (the Ninth Circuit explained it has "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional...."); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011) (detention of an alien for a period of nearly three years without further inquiry into whether it was necessary to

ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable, and, therefore, a violation of the Due Process Clause"); *German Santos v. Warden Pike*, 965 F.3d 203 (3d Cir. 2020) (reversing and remanding to district court to order bond hearing while detained under § 1226(c)); *Diep v. Wofford*, 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal Feb. 25, 2025) (ordering bond hearing for noncitizen detained under § 1226(c) for 13 months). Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025); *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) (same).

Regardless of which test the Court applies here, Petitioner has not shown that his detention has become unconstitutionally prolonged. The single fact he cites to in his petition to justify habeas relief is that he has now been detained for two months. Dkt. No. 1 ¶ 2. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from § 1226(c) detention. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings* establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded two months. *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-CV-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D.

United States District Court
Eastern District of California

Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840, at *9–13 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

Further, Petitioner has not submitted any evidence suggesting that his detention has become indefinite or unreasonably prolonged. Petitioner was only placed in removal proceedings two months ago, and his first hearing is scheduled to take place in the coming weeks. Though the Court recognizes that the appeal process may become lengthy, this process has yet to begin. It is possible that the Immigration Court will order Petitioner removed, leading to a long appeal process, but it is also possible that the Immigration Court will find in Petitioner's favor, which would put an end to his continued detention. Accordingly, the mere fact that Petitioner's detention has reached two months, is not sufficient to justify habeas relief especially given the early stages of his removal proceedings.

The petition is therefore DISMISSED without prejudice to refiling at a later date. The Clerk of the Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 28, 2026

EDWARD J. DAVILA
United States District Judge